1  LEON GREENBERG, ESQ.
   A Professional Corporation
2  Nevada Bar No.: 8094
   2965 South Jones Boulevard #E-4
3  Las Vegas, Nevada 89146
   (702) 383-6085
4  (702) 385-1827(fax)

5  Mark R. Thierman, NSB 8285
   THIERMAN LAW FIRM
6  7287 Lakeside Drive
   Reno, NV 89511
7  Telephone (775) 284-1500

8  James P. Kemp, NSB 6375
   Kemp & Kemp, Attorneys At Law
9  7435 West Azure Drive - Suite 110
   Las Vegas, NV 89130
10 Telephone (702) 258-1183

11 Robin Potter, Esq.
   111 E. Wacker Drive
12 Suite 2600
   Chicago, IL 60601
13 Phone: (312) 861-1800
   (Pending Pro Hac Vice Admission)
14 Attorneys for Plaintiffs

15

**UNITED STATES DISTRICT COURT**
16                       **DISTRICT OF NEVADA**

17 --------------------------------X
   JOSEPH CESARZ, QUY NGOC TANG, )    Docket: 2:13-cv-109
18 and all persons whose names   )
   are set forth in Exhibit A    )
19 and individually and on behalf )
   of all others similarly       )    FIRST AMENDED COMPLAINT
20 situated,                      )
                                  )
21         Plaintiffs,             )
   vs.                             )
22                                 )
   WYNN LAS VEGAS, LLC, ANDREW     )
23 PASCAL and STEVE WYNN,           )
                                    )
24         Defendants.              )
   ─────────────────────────────── )
25

26     COMES NOW Plaintiffs, JOSEPH CESARZ, QUY NGOC TANG, and

27 those persons set forth in Exhibit "A", for themselves and all

28 others similarly situated, through their attorneys, and allege the

1

following upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters:

JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. §216(b), which provides, "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer…in any federal or state court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." A "Consent to Joinder" form for each plaintiff has been filed with this Complaint or previously filed with the Court.

2. Venue is proper in the United States District Court for Nevada because Defendants conduct business in Clark County Nevada, plaintiffs reside in Clark County, Nevada, plaintiffs worked for defendants in Clark County, Nevada, and the acts complained of herein happened in or around Clark County, Nevada.

**BACKGROUND AND PARTIES**

3. Plaintiffs JOSEPH CESARZ and QUY NGOC TANG (the "individual plaintiffs"), on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), by their attorneys, bring this action against defendants.

4. The defendants ANDREW PASCAL and STEVE WYNN are, for the purposes of the claims made herein under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA"), employers of the plaintiffs as they have acted on behalf of an employer and/or acted as an employer by willfully, intentionally, knowingly or otherwise promoting, allowing, directing or otherwise creating the

2

compensation policies alleged herein that violate the FLSA, such individual defendants also exercising the power they had with the other defendant WYNN LAS VEGAS, LLC by virtue of their status as officers and/or managers and/or owners of the same to continue, create, or allow such policies to flourish and remain in existence.

5. WYNN LAS VEGAS, LLC is a limited liability corporation formed and existing pursuant to the laws of the State of Nevada and having its principle place of business in Clark County, Nevada.

**AS AND FOR CLAIM FOR RELIEF UNDER THE FAIR LABOR STANDARDS ACT**

6. The defendants employ the plaintiffs and hundreds of other persons as casino dealers in their casino, the Wynn Las Vegas.

7. Pursuant to Section 16(b) of the FLSA, the individual plaintiffs bring this Complaint as a collective action (also commonly referred to as an "opt-in" class or "an FLSA class"), on behalf of themselves and all persons similarly situated who consent to join this litigation by filing a written consent with the Court and who also agree to be represented by plaintiffs' counsel, such persons making claims under the FLSA for the period after May 5, 2011, until entry of judgment after trial.

8. Plaintiffs are informed and believe, and based thereon allege that there are at least 500 putative FLSA class members who could "opt in" to this case, the actual number of FLSA class members is readily ascertainable by a review of the defendants' records through appropriate discovery, and the plaintiffs propose to take proceedings in this action to have such persons notified of this litigation and given an opportunity to file written consents to join this litigation.

9. Defendants are an enterprise engaged in commerce within

3

the meaning of the FLSA that uses and/or produces or ships goods in interstate commerce or goods that have so moved in interstate commerce and have gross revenue in excess of $500,000 a year and/or are otherwise employers subject to the provisions of the FLSA in respect to their employment of the plaintiffs.

10.   Pursuant to 29 U.S.C. § 206 and § 207 the defendants are charged with an obligation to pay the minimum wage and overtime wages required by the FLSA to the plaintiffs.

11.   Defendants have failed and refused to make the minimum wage and/or overtime payments required by the FLSA to the plaintiffs or otherwise comply with the requirements of the FLSA in respect to their employment of the plaintiffs because, since May 5, 2011, they have violated 29 U.S.C. § 203(m) and 29 U.S.C. § 206 of the FLSA and the implementing regulations thereto set forth in 29 CFR 531.52 and 29 CFR 531.54, to wit, they have failed to allow the plaintiffs to retain for themselves, or retain for themselves through a tip pool structured in compliance with the provisions of the FLSA and otherwise authorized by the FLSA, all of the tips they have received from customers during the course of their employment by the defendants.

12.   Defendants have required the plaintiffs, as a condition of their employment, to pool and share their tips with other employees who do not customarily and regularly receive tips, such tip pool and/or tip sharing not being authorized under the FLSA and its relevant implementing regulations and/or have required the plaintiffs to give a portion of their tips to other employees of the defendants in a manner that violates the FLSA.

13.   Defendants, by implementing the policies alleged in

4

paragraph 12, have effectively failed to pay any wages whatsoever to the plaintiffs, in that defendants recoup from the plaintiffs, through the taking of a portion of the plaintiffs' tips, an amount far in excess of the amount it nominally pays to the plaintiffs from the defendants' own funds, such actions by the defendants violating the purpose and intent of the FLSA which is to make all employers pay FLSA required minimum wages and overtime wages and all other wages solely from the resources of the employer and not by appropriating employee tips to make such wage payments, the FLSA also preventing an employer from engaging in such an appropriation by using a tip pool, such as the one used by defendants, to compensate employees who do not regularly and customarily receive tips with a portion of the tips received by other employees who do regularly and customarily receive tips.

14.   Defendants' aforesaid violations of the FLSA were intentional, willful and knowing.  Such willful violations are established by, among other things, a history of prior and existing litigation against defendants over the tip taking and pooling policies at issue and the awareness of defendants' counsel of the regulations issued by the United States Department of Labor that were implemented and effective as of May 5, 2011 and that govern the claims made herein.

15.   As a result of the foregoing the plaintiffs, on behalf of themselves and all other persons who join in this action by filing written consents with the Court and who agree to be represented by plaintiffs' counsel, seek to collect their full damages for the defendants' aforesaid violations of the FLSA that have occurred on and after May 5, 2011, to wit, the value of the tips taken from them

by the defendants and given by the defendants to other employees of the defendants who do not customarily and regularly receive tips, or given to other employees whom the plaintiffs cannot be required to share their tips with under the FLSA, or whatever other measure of actual damages they are due from defendants' aforesaid violations of the FLSA taking place on and after May 5, 2011, along with an equal amount of liquidated damages as provided for under 29 U.S.C. § 216(b), together with attorneys' fees, costs, interest and such other relief as the Court may deem proper.

WHEREFORE, plaintiffs demand the relief on each cause of action as alleged aforesaid, together with costs, interest, attorney's fees and such other relief as the Court deems just.

Plaintiffs demand a trial by jury on all issues so triable.

Dated this 30TH day of April, 2013

        Leon Greenberg Professional Corporation

          */s/Leon Greenberg*
By:_____
LEON GREENBERG, Esq.
Nevada Bar No.: 8094
2965 South Jones Boulevard - Suite E4
Las Vegas, Nevada 89146
(702) 383-6085
Attorney for Plaintiff