UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOSEPH CESARZ et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 2:13-cv-00109-RCJ-CWH |
| vs. | ) | |
| | ) | |
| WYNN LAS VEGAS, LLC, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a Fair Labor Standards Act ("FLSA") case. Pending before the Court is a Motion to Dismiss (ECF No. 18), a Motion to Stay (ECF No. 33), and a Motion to Expedite the Motion to Dismiss (ECF No. 34). For the reasons given herein, the Court grants the first motion and denies the other motions.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiffs are employed as casino dealers ("dealers") by Defendant Wynn Las Vegas, LLC. (*See* Compl. ¶ 6, Jan. 21, 2013, ECF No. 1). Plaintiffs allege that Defendants are in violation of the FLSA, 29 U.S.C. §§ 203(m), 206, and regulations promulgated thereunder, 29 C.F.R. §§ 531.52, 531.54 because Defendants require dealers to submit their tips for redistribution amongst both dealers and other employees who may or may not receive tips, and who do not customarily receive tips, such that the dealers' wages do not meet minimal hourly and overtime standards under federal law. (*See id.* ¶¶ 11–13). The Complaint included only two Plaintiffs and named Wynn Law Vages, Andrew Pascal, and Steve Wynn as Defendants. The Fist Amended Complaint ("FAC") added 330 Plaintiffs without substantive amendment. (*See*

First Am. Compl., Apr. 30, 2013, ECF No. 6). Defendants have moved to dismiss and for an expedited decision. Plaintiffs have moved for a stay.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). In other words, under the modern interpretation of Rule 8(a), a plaintiff must not only specify a cognizable legal theory (*Conley* review), but also must plead the facts of his own case so that the court can determine whether the plaintiff has any

plausible basis for relief under the legal theory he has specified, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## III.  ANALYSIS

Defendants note that Plaintiffs all receive hourly payment in excess of the federal minimum wage and that the Court of Appeals has already ruled that tip-sharing agreements such as the one here necessarily do not violate § 203(m) where there is an explicit understanding of the arrangement and the employee receives the minimum wage before tips, that § 206 simply has nothing to say about tips, and that the kickback theory under the CFR does not apply to tips under an explicit tip-pooling arrangement because tip money only belongs to the employee after it is redistributed, i.e., the employee cannot kick anything back when she hands the employer its own money before redistribution but only after she receives her share of the tip pool from the employer upon redistribution. *See Cumbie v. Woody Woo, Inc.*, 596 F.3d 577, 580–82 (9th Cir.

2010). Defendants correctly note that the same group of Plaintiffs (with most of the same attorneys) recently stipulated to a dismissal with prejudice of a substantively identical case in this District explicitly because the *Cumbrie* case precluded recovery. *See Tang v. Wynn Las Vegas, LLC*, No. 09-cv-1243. The theory presented here is no different form the theory presented in *Tang*. To the extent the present claims are not simply precluded, i.e., to the extent there are any new Plaintiffs in the present case not joined in *Tang*, the Court would normally grant the motion to dismiss on the merits.

Plaintiffs respond, however, that the Department of Labor ("DOL") recently amended the relevant regulations, §§ 531.52 and 531.54 of 29 C.F.R., in 2011. The DOL replaced this language:

> In the absence of an agreement to the contrary between the recipient and a third party, a tip becomes the property of the person in recognition of whose service it is presented by the customer.

with the following language:

> Tips are the property of the employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA. The employer is prohibited from using an employee's tips, whether or not it has taken a tip credit, for any reason other than that which is statutorily permitted in section 3(m): As a credit against its minimum wage obligations to the employee, or in furtherance of a valid tip pool.

*Compare* 32 Fed. Reg. 13,575, 13,580 (1967), *with* 29 C.F.R. § 531.52. Second, the DOL added the following language to § 531.54:

> [V]alid mandatory tip pools . . . can only include those employees who customarily and regularly receive tips. However, an employer . . . may not retain any of the employees' tips for any other purpose.

*Compare* 32 Fed. Reg. 13,575, 13,580 (1967), *with* 29 C.F.R. § 531.54. A court of the District of Oregon recently struck these amendments down, however. *See Or. Rest. & Lodging v. Solis*, --- F. Supp. 2d ----, 2013 WL 2468298 (D. Or. 2013). That court found that the DOL had the authority to issue the challenged regulations, *see id* at *4–5, but that the district court was bound to find that there was no room for agency discretion under *Chevron* to read § 203(m) of the

FLSA to permit the 2011 amendment to § 531.52, because the Court of Appeals in *Cumbie* had clearly held that Congress only intended via § 203(m) to limit the use of tip pools by employers who had to take a tip credit to satisfy the minimum wage requirements, *see id.* at *5–6, which was not the case in *Cumbie* or *Oregon Restaurant & Lodging*, and which is not alleged to be the case here.  The Court agrees. *See Cumbie*, 596 F.3d at 580–81 (holding that there is "no basis for concluding" that a tip-pooling arrangement by an employer who does not use a tip credit, i.e., who pays employees the minimum wage directly in cash wages, violates the statute).  The DOL may not read the tip credit condition out of the statute via its regulations.

Finally, the Court denies the motion to stay based upon the pending appeal in the *Oregon Restaurant & Lodging* case.  That appeal is in its early stages, and consolidation on appeal would be more efficient that a stay in this Court.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 18) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Stay (ECF No. 33) and the Motion to Expedite the Motion to Dismiss (ECF No. 34) are DENIED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 10th day of January, 2014.

_____
ROBERT C. JONES
United States District Judge