# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH CESARZ et al., <br><br> Plaintiffs, <br><br> vs. <br><br> WYNN LAS VEGAS LLC et al., <br><br> Defendants. | 2:13-cv-00109-RCJ-CWH <br><br> ORDER |

This class action arises out of an employer's policy requiring casino dealers who are paid the minimum wage before tips to share their tips with non-customarily tipped employees. The Court dismissed the case, agreeing with a judge of the District of Oregon that the Department of Labor's 2011 amendments to 29 C.F.R. §§ 531.52, 531.54 banning the practice was not a permissible reading of the governing statute, 29 U.S.C. § 203(m). The Court of Appeals reversed in a consolidated opinion. Ten judges dissented from the denial of rehearing en banc. Defendants in both cases have petitioned the Supreme Court for writs of certiorari. The petition in this case has been fully briefed for over a year. It has been distributed to the justices for two conferences, but no action has been taken. That is likely because the petition in the Oregon case—which, if granted, would likely be consolidated with the present case—is not yet fully briefed, the response date having been extended nearly a year to February 7, 2018.

Since the petitions were filed, the probability of a grant of certiorari has increased greatly, because the Tenth Circuit has issued a ruling explicitly disagreeing with the Ninth Circuit. *See Marlow v. New Food Guy, Inc.*, 861 F.3d 1157, 1162–64 (10th Cir. 2017) ("In its amicus brief the government argues that § 203(m) is 'silent' on the question of employers who do not take the tip credit, and that this silence is a 'gap' the DOL was authorized to fill with its regulation. [The Ninth Circuit] has accepted this argument. We respectfully disagree." (citation omitted)). That obviates the argument that the Ninth Circuit's opinion created no split with the Fourth Circuit. *See Trejo v. Ryman Hosp. Props., Inc.*, 795 F.3d 442, 448 (4th Cir. 2015).

The trial in this case is scheduled for January 8, 2018. Given the petition pending before the Supreme Court, however, the Court believes it is appropriate to vacate the trial in this case and stay the case pending the disposition of the petition.

## CONCLUSION

IT IS HEREBY ORDERED that the trial scheduled for January 8, 2018 is VACATED, and the case is STAYED. The parties shall notify the Court upon the disposition of the petition for certiorari.

IT IS SO ORDERED.

Dated this 13th day of December, 2017.

_____
ROBERT C. JONES
United States District Judge