# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

_____

|  |  |
|---|---|
| JOSEPH CESARZ et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| WYNN LAS VEGAS LLC et al., | ) |
| | ) |
| Defendants. | ) |

2:13-cv-00109-RCJ-CWH

**ORDER**

_____

This Fair Labor Standards Act ("FLSA") action arises out of a casino's policy of requiring dealers who are paid the minimum wage before tips to share their tips with non-customarily tipped employees. The Court dismissed the case, agreeing with a judge of the District of Oregon that the Department of Labor's ("the DOL") 2011 amendments to 29 C.F.R. §§ 531.52 and 531.54 banning the practice ("the Regulation") was not a permissible reading of the governing statute, 29 U.S.C. § 203(m). The Court of Appeals reversed both cases in a consolidated, 2-to-1 opinion, ruling that the Regulation represented permissible agency action in the face of silence in the FLSA. *Or. Rest. & Lodging Ass'n v. Perez*, 816 F.3d 1080, 1090 (9th Cir. 2016). Ten judges dissented from the denial of rehearing *en banc*. *Or. Rest. & Lodging Ass'n v. Perez*, 843 F.3d 355 (9th Cir. 2016) (O'Scannlain, J., dissenting).

The Tenth Circuit has ruled to the contrary, *Marlow v. New Food Guy, Inc.*, 861 F.3d 1157, 1162–64 (10th Cir. 2017) (explicitly disagreeing that the Regulation was within the DOL's

authority to adopt), and the Ninth Circuit's ruling had already created a slightly different split with the Fourth Circuit, *Trejo v. Ryman Hospitality Props., Inc.*, 795 F.3d 442, 448 (4th Cir. 2015) (ruling that there was no cause of action under the FLSA where employees were paid the minimum wage before tips).  Defendants in both cases petitioned the Supreme Court for writs of certiorari.  The Court vacated the trial and stayed the case pending disposition of the petitions. The Supreme Court denied the petitions after the DOL conceded that it had no statutory authority to promulgate the Regulation, noting that Congress had nullified the Regulation and changed the rule going forward by amending the FLSA directly. (Brief of Resps., *Nat'l Rest. Ass'n v. Dep't of Labor*, No. 16-920, 2018 WL 2357725).  The mandate has issued, and Defendants ask the Court to dismiss.

As Defendants note, Congress has provided that the Regulation "shall have no further force or effect until any future action taken by the Administrator of the Wage and Hour Division of the Department of Labor." Consolidated Appropriations Act, 2018, Pub. L. 115-141, Div. S, Tit. XII, § 1201(c), 132 Stat. 348, 1149 (2018).  The Court must give meaning to every word Congress uses. *Leocal v. Ashcroft*, 543 U.S. 1, 12 (2004).  Congress has prohibited the Regulation from having any further force or effect.  "Force" indicates continuing regulatory force, i.e., the duty of regulated entities to comply.  Plaintiffs do not assert that Defendants need still comply with the Regulation.  They only seek damages for alleged violations during the period the Regulation was in force.  But Congress has declared that the Regulation shall also have no further "effect."  To permit Defendants to suffer damages based on the now-defunct Regulation would be to permit it to have a further effect.  It is a further effect of a law for an entity to be made to pay damages under it.  Congress has prohibited this, and the Court is compelled to dismiss.  Even if the Court were to read "force or effect" as a single term of art, Black's Law Dictionary 761 (10th ed. 2014), the result would be the same.  Entry of a money

judgment based on violations of the Regulation would constitute a "further force or effect" of the Regulation.

The parties do not dispute that Congress contemporaneously amended the FLSA to prohibit tip-sharing with non-customarily tipped employees, regardless of the wage paid. Congress' nullification of the Regulation and simultaneous amendment of the FLSA to provide a similar rule would have been superfluous if the FLSA had permitted the DOL to have enacted the Regulation in the first place. This is likely why the Supreme Court denied certiorari in the face of a clear circuit split on an issue of federal law and an admission by the DOL that the ruling in its favor below should be reversed, i.e., the split had essentially become moot when Congress nullified the Regulation upon which the underlying claims were based before any Defendant had been subjected to judgment thereunder.

Even if Congress had not nullified the Regulation, as Defendants note, the DOL has explicitly rejected its prior interpretation of the relevant provisions of the FLSA as embodied in the Regulation and admitted that it had no statutory authority to adopt the Regulation. The deference upon which the Court of Appeals rested its decision, *see generally Chevron U.S.A., Inc. v. NRDC*, 467 U.S. 837 (1984), therefore now compels a contrary result, because the DOL has since reinterpreted the Regulation not to have been within its grant of authority under the FLSA, *Rust v. Sullivan*, 500 U.S. 173, 186–87 (1991) (citing *id.* at 862). The DOL's reconsideration of the issue was not unreasoned, arbitrary, or capricious, as shown by the DOL's very lengthy reasoning in its notice of rulemaking proposing to rescind the Regulation. Tip Regulations Under the Fair Labor Standards Act (FLSA), 82 Fed. Reg. 57395-01 (Dec. 5, 2017).

Plaintiffs argue that the DOL did not engage in rulemaking as to the rescission of the Regulation, so no deference is owed to its own criticism and nascent reconsideration of the Regulation as published in the Federal Register. But rulemaking is not a prerequisite for

deference to an agency's interpretation (or in this case, reinterpretation) of a statute. *E.M. ex rel. E.M. v. Pajaro Valley Unified Sch. Dist. Office of Admin. Hearings*, 758 F.3d 1162, 1173–74 (9th Cir. 2014) (citing *Chase Bank USA, N.A. v. McCoy*, 562 U.S. 195, 208 (2011) (citing *Auer v. Robbins*, 519 U.S. 452, 461 (1997)); *United States v. Mead Corp.*, 533 U.S. 218, 229–30 (2001)) (noting that deference to an agency's reasonable interpretation of a statute is appropriate even if merely advanced in a legal brief), *cert. denied*, 135 S. Ct. 996 (2015).  Anyway, in this case, rulemaking had in fact begun, and it ceased only because further action became moot when Congress nullified the Regulation.

The DOL's revised opinion as to the lawfulness of the Regulation was not unreasoned or arbitrary.  There was a circuit split on the issue 2-to-1 against the DOL's previous opinion, and the judges of the lone circuit to agree with the DOL's previous interpretation were themselves sharply split.  The Secretary of Labor's own testimony before Congress as to the DOL's revised opinion convinced Congress to nullify the Regulation and simultaneously amend the FLSA by statute, because although Congress agreed the Regulation was desirable as a matter of policy, it also agreed with the DOL's revised opinion that the DOL had no authority to promulgate the Regulation.  The Court cannot say in light of all this that the DOL's revised opinion was not a result of "reasoned analysis," *Rust*, 500 U.S. at 187 (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42 (1983)), and the Court would therefore have to defer to the DOL's revised interpretation, even if the issue were not decided by Congress' nullification of the Regulation.

///

///

///

///

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 133) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case. IT IS SO ORDERED.

Dated this 16th day of January, 2019.

_____
ROBERT C. JONES
United States District Judge