LEON GREENBERG, ESQ., NSB 8094
A Professional Corporation
2965 South Jones Blvd., #E-3
Las Vegas, NV 89146
Tel. (702) 383-6085
Fax: (702) 385-1827

Mark R. Thierman, NSB 8285
Joshua D. Buck, NSB 12187
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027

James P. Kemp, NSB 6375
KEMP & KEMP, ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
Las Vegas, NV 89130
Tel. (702) 258-1183

Robin Potter, Esq.
(Pending Pro Hac Vice Admission)
111 E. Wacker Dr., Suite 2600
Chicago, IL 60601
Tel. (312) 861-1800

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH CESARZ, QUY NGOC TANG, and all persons whose names are set forth in Exhibit A to the First Amended Complaint, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>WYNN LAS VEGAS, LLC, and STEVE WYNN,<br><br>Defendants. | Case No.: 2:13-CV-109-RCJ-CWH<br><br>**PLAINTIFF'S NOTICE OF APPEAL** |

- 2 -

1  Notice is hereby given that Plaintiffs JOSEPH CESARZ and QUY NGOC TANG
2  ("Plaintiffs"), by and through her counsel, appeals to the United States Court of Appeals for the
3  Ninth Circuit from the final judgment of this Court on January 16, 2019 in the above-captioned
4  case.
5  Attached hereto as Exhibit "A" is a copy of the District Court's Order entered on January
6  16, 2019 (ECF No. 153).
7  Attached hereto as Exhibit "B" is a copy of the District Court's final judgment entered on
8  January 16, 2019 (ECF No. 154).
9  Attached hereto as Exhibit "C" is a copy of the Representation Statement required by
10 Federal Rule of Appellate Procedure 12(b) and Circuit Rules 3-2 and 12-2.
11 Dated: January 28, 2019                                THIERMAN BUCK LLP
12
13                                                        By:   /s/Joshua D. Buck
14                                                              Mark R. Thierman
                                                                Joshua D. Buck
15
                                                          *Attorneys for Plaintiff*

**THIERMAN BUCK LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

# EXHIBIT A

Order Granting Motion to Dismiss, ECF No. 153

# EXHIBIT A

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH CESARZ et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) 2:13-cv-00109-RCJ-CWH |
| vs. | )<br>) |
| WYNN LAS VEGAS LLC et al., | ) **ORDER**<br>) |
| Defendants. | )<br>)<br>) |

This Fair Labor Standards Act ("FLSA") action arises out of a casino's policy of requiring dealers who are paid the minimum wage before tips to share their tips with non-customarily tipped employees. The Court dismissed the case, agreeing with a judge of the District of Oregon that the Department of Labor's ("the DOL") 2011 amendments to 29 C.F.R. §§ 531.52 and 531.54 banning the practice ("the Regulation") was not a permissible reading of the governing statute, 29 U.S.C. § 203(m). The Court of Appeals reversed both cases in a consolidated, 2-to-1 opinion, ruling that the Regulation represented permissible agency action in the face of silence in the FLSA. *Or. Rest. & Lodging Ass'n v. Perez*, 816 F.3d 1080, 1090 (9th Cir. 2016). Ten judges dissented from the denial of rehearing *en banc*. *Or. Rest. & Lodging Ass'n v. Perez*, 843 F.3d 355 (9th Cir. 2016) (O'Scannlain, J., dissenting).

The Tenth Circuit has ruled to the contrary, *Marlow v. New Food Guy, Inc.*, 861 F.3d 1157, 1162–64 (10th Cir. 2017) (explicitly disagreeing that the Regulation was within the DOL's

1 authority to adopt), and the Ninth Circuit's ruling had already created a slightly different split
2 with the Fourth Circuit, *Trejo v. Ryman Hospitality Props., Inc.*, 795 F.3d 442, 448 (4th Cir.
3 2015) (ruling that there was no cause of action under the FLSA where employees were paid the
4 minimum wage before tips).  Defendants in both cases petitioned the Supreme Court for writs of
5 certiorari.  The Court vacated the trial and stayed the case pending disposition of the petitions.
6 The Supreme Court denied the petitions after the DOL conceded that it had no statutory authority
7 to promulgate the Regulation, noting that Congress had nullified the Regulation and changed the
8 rule going forward by amending the FLSA directly. (Brief of Resps., *Nat'l Rest. Ass'n v. Dep't*
9 *of Labor*, No. 16-920, 2018 WL 2357725).  The mandate has issued, and Defendants ask the
10 Court to dismiss.

11 As Defendants note, Congress has provided that the Regulation "shall have no further
12 force or effect until any future action taken by the Administrator of the Wage and Hour Division
13 of the Department of Labor." Consolidated Appropriations Act, 2018, Pub. L. 115-141, Div. S,
14 Tit. XII, § 1201(c), 132 Stat. 348, 1149 (2018).  The Court must give meaning to every word
15 Congress uses. *Leocal v. Ashcroft*, 543 U.S. 1, 12 (2004).  Congress has prohibited the
16 Regulation from having any further force or effect.  "Force" indicates continuing regulatory
17 force, i.e., the duty of regulated entities to comply.  Plaintiffs do not assert that Defendants need
18 still comply with the Regulation.  They only seek damages for alleged violations during the
19 period the Regulation was in force.  But Congress has declared that the Regulation shall also
20 have no further "effect."  To permit Defendants to suffer damages based on the now-defunct
21 Regulation would be to permit it to have a further effect.  It is a further effect of a law for an
22 entity to be made to pay damages under it.  Congress has prohibited this, and the Court is
23 compelled to dismiss.  Even if the Court were to read "force or effect" as a single term of art,
24 Black's Law Dictionary 761 (10th ed. 2014), the result would be the same.  Entry of a money

judgment based on violations of the Regulation would constitute a "further force or effect" of the Regulation.

The parties do not dispute that Congress contemporaneously amended the FLSA to prohibit tip-sharing with non-customarily tipped employees, regardless of the wage paid. Congress' nullification of the Regulation and simultaneous amendment of the FLSA to provide a similar rule would have been superfluous if the FLSA had permitted the DOL to have enacted the Regulation in the first place. This is likely why the Supreme Court denied certiorari in the face of a clear circuit split on an issue of federal law and an admission by the DOL that the ruling in its favor below should be reversed, i.e., the split had essentially become moot when Congress nullified the Regulation upon which the underlying claims were based before any Defendant had been subjected to judgment thereunder.

Even if Congress had not nullified the Regulation, as Defendants note, the DOL has explicitly rejected its prior interpretation of the relevant provisions of the FLSA as embodied in the Regulation and admitted that it had no statutory authority to adopt the Regulation. The deference upon which the Court of Appeals rested its decision, *see generally Chevron U.S.A., Inc. v. NRDC*, 467 U.S. 837 (1984), therefore now compels a contrary result, because the DOL has since reinterpreted the Regulation not to have been within its grant of authority under the FLSA, *Rust v. Sullivan*, 500 U.S. 173, 186–87 (1991) (citing *id.* at 862). The DOL's reconsideration of the issue was not unreasoned, arbitrary, or capricious, as shown by the DOL's very lengthy reasoning in its notice of rulemaking proposing to rescind the Regulation. Tip Regulations Under the Fair Labor Standards Act (FLSA), 82 Fed. Reg. 57395-01 (Dec. 5, 2017).

Plaintiffs argue that the DOL did not engage in rulemaking as to the rescission of the Regulation, so no deference is owed to its own criticism and nascent reconsideration of the Regulation as published in the Federal Register. But rulemaking is not a prerequisite for

deference to an agency's interpretation (or in this case, reinterpretation) of a statute. *E.M. ex rel. E.M. v. Pajaro Valley Unified Sch. Dist. Office of Admin. Hearings*, 758 F.3d 1162, 1173–74 (9th Cir. 2014) (citing *Chase Bank USA, N.A. v. McCoy*, 562 U.S. 195, 208 (2011) (citing *Auer v. Robbins*, 519 U.S. 452, 461 (1997)); *United States v. Mead Corp.*, 533 U.S. 218, 229–30 (2001)) (noting that deference to an agency's reasonable interpretation of a statute is appropriate even if merely advanced in a legal brief), *cert. denied*, 135 S. Ct. 996 (2015). Anyway, in this case, rulemaking had in fact begun, and it ceased only because further action became moot when Congress nullified the Regulation.

The DOL's revised opinion as to the lawfulness of the Regulation was not unreasoned or arbitrary. There was a circuit split on the issue 2-to-1 against the DOL's previous opinion, and the judges of the lone circuit to agree with the DOL's previous interpretation were themselves sharply split. The Secretary of Labor's own testimony before Congress as to the DOL's revised opinion convinced Congress to nullify the Regulation and simultaneously amend the FLSA by statute, because although Congress agreed the Regulation was desirable as a matter of policy, it also agreed with the DOL's revised opinion that the DOL had no authority to promulgate the Regulation. The Court cannot say in light of all this that the DOL's revised opinion was not a result of "reasoned analysis," *Rust*, 500 U.S. at 187 (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42 (1983)), and the Court would therefore have to defer to the DOL's revised interpretation, even if the issue were not decided by Congress' nullification of the Regulation.

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 133) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case. IT IS SO ORDERED.

Dated this 16th day of January, 2019.

_____
ROBERT C. JONES
United States District Judge

# EXHIBIT B

Judgment, ECF No. 154

# EXHIBIT B

Case 2:13-cv-00109-APG-DJA Document 155 Filed 01/28/19 Page 10 of 14
Case 2:13-cv-00109-RCJ-CWH Document 154 Filed 01/16/19 Page 1 of 1

AO450 (NVD Rev. 2/18) Judgment in a Civil Case

# UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

JOSEPH CESARZ et al.,

            Plaintiffs,

v.

WYNN LAS VEGAS LLC et al.,

            Defendants.

JUDGMENT IN A CIVIL CASE

Case Number: 2:13-cv-00109-RCJ-CWH

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☐ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

☒ **Decision by Court.** This action came for consideration before the Court. The issues have been considered and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that the Motion to Dismiss (ECF No. 133) is GRANTED.

IT IS FURTHER ORDERED AND ADJUDGED that judgment is hereby entered and this case is closed.

  January 16, 2019                                          DEBRA K. KEMPI
Date                                                                     Clerk

                                                                                      /s/ L. Haywood
                                                                                      Deputy Clerk

# EXHIBIT C

Representation Statement

# EXHIBIT C

LEON GREENBERG, ESQ., NSB 8094
A Professional Corporation
2965 South Jones Blvd., #E-3
Las Vegas, NV 89146
Tel. (702) 383-6085
Fax: (702) 385-1827

Mark R. Thierman, NSB 8285
Joshua D. Buck, NSB 12187
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027

James P. Kemp, NSB 6375
KEMP & KEMP, ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
Las Vegas, NV 89130
Tel. (702) 258-1183

Robin Potter, Esq., *Pro Hac Vice*
111 E. Wacker Dr., Suite 2600
Chicago, IL 60601
Tel. (312) 861-1800

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH CESARZ, QUY NGOC TANG, and all persons whose names are set forth in Exhibit A to the First Amended Complaint, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WYNN LAS VEGAS, LLC, and STEVE WYNN,<br><br>Defendants. | Case No.: 2:13-CV-109-RCJ-CWH<br><br>**REPRESENTATION STATEMENT** |

The undersigned represents JOSEPH CESARZ and QUY NGOC TANG, plaintiffs and appellants in this matter, as well as all persons whose names are set forth in Exhibit A to the First Amended Complaint and who have otherwise opted-in to the action, individually and on behalf of all others similarly situated. The following is a list of all of the parties to the action and the information regarding their counsel. See FRAP 12(b); *see also* Ninth Circuit Rule 3-2(b).

| **Plaintiffs Joseph Cesarz and Quy Ngoc Tang, and all persons whose names are set forth in Exhibit A of the First Amended Complaint and who have otherwise opted-in to the action, individually and on behalf of all others similarly situated** | **Defendants Wynn Las Vegas, LLC and Steve Wynn** |
|---|---|
| Mark R. Thierman (NV SBN 8285)<br>Joshua D. Buck (NV SBN 12187)<br>Leah L. Jones (NV SBN 13161)<br>THIERMAN BUCK, LLP<br>7287 Lakeside Drive<br>Reno, Nevada 89511<br>Telephone: (775) 284-1500<br>Facsimile: (775) 703-5027<br>Email: mark@thiermanlaw.com<br>josh@thiermanlaw.com<br>leah@thiermanlaw.com<br><br>Leon Greenberg<br>Dana Sniegocki<br>A Professional Corporation<br>2965 South Jones Boulevard, #E-4<br>Las Vegas, NV 89146<br>Telephone: (702) 383-6085<br>Facsimile: (702) 385-1827<br>Email: wagelaw@aol.com<br>Email: dana@overtimelaw.com<br><br>James P. Kemp, Esq.<br>Kemp & Kemp, Attorneys at Law<br>7435 West Azure Drive – Suite 110<br>Las Vegas, NV 89130<br>Telephone: (702) 258-1183<br>Facsimile: (702-258-6983<br>Email: jp@kemp-attorneys.com | Bryan J. Cohen<br>Wynn Las Vegas, LLC<br>3131 Las Vegas Blvd. South<br>Las Vegas, NV 89109<br>Telephone: 702-770-2116<br>Fascimile: 702-770-1518<br>Email: Bryan.Cohen@wynnlasvegas.com<br><br>Eugene Scalia<br>Joshua S. Lipshutz<br>Amanda C. Machin<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 11101<br>Telephone: (202) 955-8500<br>Facsimile: (202) 467-0539<br>Email: escalia@gibsondunn.com<br>Email: jlipshutz@gibsondunn.com<br>Email: amachin@gibsondunn.com<br><br>Gregory J. Kamer<br>R. Todd Creer<br>KAMER ZUCKER ABBOTT<br>3000 West Charleston Boulevard, Suite 3<br>Las Vegas, NV 89102-1990<br>Telephone: (702) 259-8640<br>Facsimile: (702) 259-8646<br>Email: tcreer@kzalaw.com |

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

| Robin Potter, Esq.<br>Potter Bolaños, LLC<br>111 East Wacker Drive<br>Chicago, IL 60601<br>Telephone: (312) 861-1800<br>Facsimile: (312) 861-3009<br>Email: robin@potterlaw.org | **Defendant Steve Wynn** *only*<br><br>William M. Sullivan , Jr.<br>Pillsbury Winthrop Shaw Pittman LLP<br>1200 Seventeenth Street NW<br>Washington, DC 20036<br>Telephone: 202-663-8175<br>Facsimile: 202-663-8007<br>Email: wsullivan@pillsburylaw.com<br><br>Philip R Erwin<br>Campbell & Williams<br>700 S. 7th St.<br>Las Vegas, NV 89101<br>Telephone: 702-382-5222<br>Facsimile: 702-382-0540<br>Email: Perwin@campbellandwilliams.com |
|---|---|

Dated: January 28, 2019                    THIERMAN BUCK LLP


                    By:     /s/Joshua D. Buck
                            Mark R. Thierman
                            Joshua D. Buck
                            *Attorneys for Plaintiffs-Appellants*

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com