LEON GREENBERG, P.C.
Leon Greenberg
2965 South Jones Boulevard #E-3
Las Vegas, NV 89146
Tel: (702) 383-6085
Attorneys for Plaintiffs

THIERMAN BUCK LLP
Mark R. Thierman #8285
Joshua Buck #12187
7287 Lakeside Drive
Reno, NV 89511
Tel: (702) 284-1500

KAMER ZUCKER ABBOTT
Gregory J. Kamer        #0270
R.        Todd Creer    #10016
Nicole A. Young        #13423
3000 West Charleston Boulevard, Suite 3
Las Vegas, Nevada 89102-1990
Tel: (702) 259-8640
gkamer@kzalaw.com
tcreer@kzalaw.com
nyoung@kzalaw.com
Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| QUY NGOC TANG, et al.<br><br>                    Plaintiffs,<br><br>vs.<br><br>WYNN LAS VEGAS, LLC, et al.<br><br>                    Defendants. | Case No. 2:18-cv-00891-APG-DJA<br><br>**ORDER** |
| JOSEPH CESARZ, et al.<br><br>                    Plaintiffs,<br><br>v.<br><br>WYNN LAS VEGAS, LLC, et al.<br><br>                    Defendants. | Case No. 2:13-cv-00109-APG-DJA |

On January 14, 2021, this Court considered the parties' joint motion for an Order granting approval of a proposed collective action settlement (the "Settlement") under the Fair Labor Standards Act ("FLSA") of both of these cases and the motion of plaintiffs' counsel to be relieved

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: infor@thiermanbuck.com; www.thiermanbuck.comt

as the attorney for any plaintiffs that decline to participate in the proposed Settlement.   The Court had previously on January 13, 2021 consolidated these two cases. Doc. 69.   The Court has also received on January 20, 2021 the mandate of the United States Court of Appeals for the Ninth Circuit regarding case 13-cv-00109 and returning jurisdiction over the same to this Court for the purposes of considering whether approval should be granted to the proposed Settlement. Having fully considered the motions, comments of counsel, and all supporting legal authorities, and the Joint Supplement of the parties in support of the motion for approval of the Settlement dated March 17, 2021, the Court finds and Orders as follows:

Findings as to the Proposed Settlement

1.     The Court finds the proposed Settlement is a fair and reasonable resolution of a bona fide dispute arising under the Fair Labor Standards Act (the "FLSA") for those collective action members, all of whom are current or former employees of defendant, that elect to participate in such Settlement.   Those collective action members include the current plaintiffs in both of these cases and persons who have not asserted claims in either case   The Court finds that, as discussed in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355-56 (11th Cir. 1982), the terms of the proposed settlement, as set forth in the motion for approval and as modified by the materials submitted with the parties joint supplement in support of the motion for approval, represent a reasonable compromise of the disputed issue as to whether the plaintiffs' and other collective action members' claims are even subject to coverage by the FLSA.     The vigorous advocacy of the plaintiffs' and other collective action members' claims by their highly experienced counsel has included, among other things, the successful pursuit of an appeal in the *Cesarz* case and the filing of a second appeal in that case.     There is no evidence of collusion and the Court finds that the settlement is the result of arms-length negotiations between experienced counsel representing the interests of both sides and with the assistance of Ninth Circuit Mediator Steve Saltiel.     While the legal basis for the collective action members' claims in these two cases have important differences, they both arise from the same policy of the

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com; www.thiermanbuck.comt

defendant, a policy the defendant ended in November of 2018 or eight months after the initiation of the *Tang* case.      The dismissal of *Cesarz* for a second time, and its appeal, also support the Court's conclusion that the proposed compromise of the FLSA claims of the collective action members at issue in *Cesarz* and *Tang* are fair and reasonable.      While the settlement requires participating plaintiffs and other collective action members to release all of their FLSA claims arising during the two time periods covered by both cases, the settlement funds have been apportioned fairly between those two time periods.      The Court finds that apportionment is reasonable for the reasons set forth in the motion to approve the Settlement and constitutes a fair and reasonable compromise of the FLSA claims at issue during both time periods.    The Court also finds the Settlement is fair and reasonable in all other respects, including the service awards to Quy Ngoc Tang and Joseph Cesarz for the work that they performed on behalf of others, the attorneys' fees and costs of Plaintiffs' counsel, and the proposed fees of the Settlement Administrator CPT Group    The Court specifically finds that the settlement confers a substantial benefit to all collective acton members similarly situated to Plaintiffs, considering the strength of Plaintiffs' claims and the risk, expense, complexity, and duration of further litigation.

2.      The Court also exercises a more limited role in approving an FLSA collective action settlement than when it considers approval of a Federal Rule of Civil Procedure Rule 23 class action settlement.    *See*, *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013) ("Rule 23 actions are fundamentally different from collective actions under the FLSA.") There are no collective action members who will have their legal rights limited by failing to take action in response to the proposed Settlement.      The persons who are eligible collective action members may accept or decline the Settlement as each deems best.    If they decline to accept the Settlement and release the defendant from their FLSA claims they may promptly pursue their FLSA claims against the defendant in separate litigation without any diminution of their force or value as a result of the Settlement.

3.      The Settlement further provides the collective action members who are plaintiffs in either of these two cases may decline to accept the Settlement and recommence their FLSA

**THIERMAN BUCK, LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com; www.thiermanbuck.comt

claims against defendant with no erosion of the statute of limitations applicable to those claims as long as they do so within thirty (30) days of this Court's entry of a final judgment.   While any plaintiffs that decline to accept the Settlement would have to initiate such separate litigation(s), as the Settlement requires that both cases be dismissed by a final judgment, that requirement does not negate the Court's finding that the Settlement is fair and reasonable under the FLSA and warrants approval.   As discussed in the submission of plaintiffs' counsel, (ECF 65,   Ex. 4,     ¶  8) none of the plaintiffs in either case have paid anything to plaintiffs' counsel or paid any case expenses such as a filing fee.   None have been required to participate in discovery or expend any effort in the prosecution of this case.     The dismissal of their FLSA claims against the defendant in these cases, with a right to recommence the same within a specified time period, does not penalize any of the plaintiffs or cause them to forfeit any advantage they have secured in either case or dissipate any investment of time, money or effort they have made in either case.

**Findings as to Plaintiffs' Counsel's Motion to be Relieved for Non-Settling Plaintiffs**

4.     Plaintiffs' counsel's motion to be relieved as attorney for any plaintiffs who decline to accept the Settlement is governed by Local Rule 11-6 (b) requiring an attorney seeking to withdraw to file a motion and "serve it on the affected client."     Such rule also provides that the client "…may, but is not required to, file a response to the attorney's motion within 14 days of the filing of the motion, unless the court orders otherwise."   It is also governed by Local Rule 11-7 (a) that requires attorneys practicing in this Court to adhere to the Model Rules of Professional Conduct as adopted by the Nevada Supreme Court.   One such relevant rule is the Nevada Rules of Professional Conduct Rule 1.16(b) containing a non-exclusive list of reasons that may constitute an appropriate basis for an attorney to withdraw from representing a client. It provides such a withdrawal may be appropriate where it "can be accomplished without material adverse effect on the interests of the client" as well as when the client insists on a course of action "with which the lawyer has a fundamental disagreement."     Another germane rule is Nevada Rules of Professional Conduct Rule 1.16(a)(1) requiring an attorney to withdraw from

representation when that "representation will result in violation of the Rules of Professional Conduct."

5. The Court has found the proposed Settlement will not have a negative material impact on the legal rights possessed by any plaintiffs who decline to accept the Settlement. Plaintiffs' counsel has exercised their professional judgment in recommending the Settlement to their clients and fundamentally disagree with any of their clients that may choose to reject the Settlement and continue to litigate their claims. Given this circumstance, plaintiffs' counsels' request to be relieved as attorney for any non-settling plaintiffs squarely falls within the permissible reasons for the Court to grant such withdrawal as provided for in Nevada Rules of Professional Conduct Rule 1.16(b)

6. One of the conditions of the Settlement is that these cases proceed, in their entirety, to a final judgment and conclusion. There is no impropriety in that term of the Settlement and in the plaintiffs' counsel recommending the Settlement to their clients with that term. Plaintiffs' counsel is not agreeing to restrict their ability to represent non-settling plaintiffs on their claims in violation of Nevada Rules of Professional Conduct Rule 5.6.

7. The Settlement's requirement that this case be concluded also creates a situation that may require plaintiffs' counsel in compliance with Nevada Rules of Professional Conduct Rule 1.16(a)(1) to withdraw from representing plaintiffs who decline to accept the Settlement. Plaintiffs' counsel is charged with a duty to independently represent the individual interests of each of the FLSA "opt in" plaintiffs in each case. Each of those plaintiffs have the right to reject any settlement of their individual claims and instruct their counsel (who represents all of those plaintiffs) to take their claims to trial. The Settlement has been agreed to by the two named plaintiffs and plaintiffs' counsel anticipates that a strong majority of their clients, the current plaintiffs in this case, will accept the Settlement. Yet if even one of those over 500 "opt in" plaintiffs rejects the Settlement, and insists that plaintiffs' counsel proceed to trial in this case on their individual claim, the Settlement would be void as to all of the plaintiffs as the "final judgment in its entirety" condition of the Settlement will be unattainable. This may pose an

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com; www.thiermanbuck.com†

irreconcilable conflict of interest for plaintiffs' counsel under Nevada Rules of Professional Conduct Rule 1.7(a)(1) directing that an attorney "shall not represent a client" when the "representation of one client will be directly adverse to another client."      By following such an instruction from one of the plaintiffs in this case to proceed to trial (an instruction such a plaintiff could properly make) plaintiffs' counsel would be acting in a directly adverse manner to all of their other clients who have accepted the Settlement and would be denied that Settlement as a result of such action.      Such a conflict of interest would preclude continued representation of all of those clients under Nevada Rules of Professional Conduct Rule 1.7(a)(1) and would in turn trigger the mandatory withdrawal of plaintiffs' counsel under Rule 1.16(a)(1).

8.      The Court's foregoing findings on plaintiffs' counsel's motion to be relieved as counsel for the non-settling plaintiffs cannot, at this stage of this case, result in an Order directing that relief.      Local Rule 11-6 (b) requires such a motion be served on each plaintiff and each plaintiff be given an opportunity to respond to that motion and contemplates giving the Court control over that service and response process.      As a result, plaintiffs' counsel's motion seeks to have the Court approve a form of proposed motion to be relieved as counsel that will be mailed out to all of the FLSA "opt in" plaintiffs in both cases with the Settlement notice and provide an opportunity for responses to that motion.      Such motion would then come before the Court for a disposition on a future date after that opportunity for response by the plaintiffs has transpired. The Court finds that process is fair and reasonable and complies with Local Rule 11-6 (b).

In compliance with the foregoing findings, the Court hereby Orders that:

The proposed Settlement is approved as a fair and reasonable compromise and settlement of Fair Labor Standards Act claims for such plaintiffs and the other collective action members who agree to accept it.      The Court approves in substantially the form annexed as Exhibit "1" the Notice and Settlement Offer and Release forms for the proposed Settlement that will be mailed no later than April 16, 2021 to the plaintiffs and other collective action members.

The plaintiffs' counsel's motion to be relieved as attorney for all non-settling plaintiffs is partially granted to the extent of directing such motion be served by mail no later than

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com; www.thiermanbuck.com

April 16, 2021 upon all of the plaintiffs eligible to participate in the Settlement substantially in the form annexed to this Order as Exhibit "2."    Any responses by such plaintiffs to that motion shall be serve and filed no later than May 7, 2021 with any reply to be served and filed seven days thereafter.

If the Settlement is not voided pursuant to its terms the Court shall on July 21, 2021 either with or without a further hearing (the Court will advise all counsel if such a hearing is going to be held) approve and enter an Order substantially in the form of Exhibit "B" to the parties supplement of March 17, 2021 in support of the joint motion for approval of the Settlement that enters a final judgment dismissing this case as provided for by the Settlement and approving a final settlement of the Fair Labor Standards Act claims of the plaintiffs and the other collective action members who agree to participate in the Settlement.    That Order shall also address and resolve plaintiffs' counsel's motion to be relieved as attorney for any non-settling plaintiffs.

**IT IS SO ORDERED.**

Dated:        March 26, 2021

_____
Honorable Andrew Gordon
District Court Judge

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: infor@thiermanbuck.com; www.thiermanbuck.com†

EXHIBIT "1"

EXHIBIT "1"

**NOTICE OF SETTLEMENT**
**IN WYNN TIP POOLING CASES**

*Re: Cesarz, et al. v. Wynn Las Vegas, LLC, et al.*, **United States District Court for the District of Nevada, Case No. 2:13-cv-109-RCJ-CWH, and** *Tang, et al. v. Wynn Las Vegas, LLC, et al.*, **United States District Court for the District of Nevada, Case No. 2:18-cv-891-APG-GWF**

**YOUR LEGAL RIGHTS WILL BE AFFECTED WHETHER YOU ACT OR DO NOT ACT.**
**PLEASE READ THIS NOTICE CAREFULLY.**

**I.      SUMMARY OF THE SETTLEMENT**

 Settlement has been reached in the two related tip sharing cases against the Wynn Las Vegas, LLC (Wynn) and its co-Defendants:  *Cesarz, et al. v. Wynn Las Vegas, LLC, et al.*, United States District Court for the District of Nevada, Case No. 2:13-cv-109-RCJ-CWH ("Cesarz Action"), and *Tang, et al. v. Wynn Las Vegas, LLC, et al.*, United States District Court for the District of Nevada, Case No. 2:18-cv-891-APG-GWF ("Tang Action").

The Total Settlement Amount is $5.6 million.  The Net Settlement Amount available for distribution is [insert], which is the Total Settlement Amount of $5.6 million minus (i) attorneys' fees of $1.4 million, (ii) actual litigation costs of up to $10,000, (iii) Service Awards to Lead Plaintiffs Joseph Cesarz and Quy Ngoc Tang of $10,000 each, and (iv) Settlement Administrator fees of [insert].  This Settlement was reached with the assistance of a mediator with the United States Court of Appeals for the Ninth Circuit.

1

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU HAVE EITHER PREVIOUSLY AGREED TO BE A PLAINTIFF AND FILED A CLAIM IN THE *CESARZ* AND/OR *TANG* ACTIONS OR ARE INCLUDED AS A COLLECTIVE ACTION MEMBER IN THE PROPOSED SETTLEMENT AND ARE ENTITLED TO PARTICIPATE IN THAT SETTLEMENT**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **A.    Accept the Settlement Within __ Days of _____**<br><br>**Your minimum payment from the proposed Settlement: $«Est.SettAmt».** | You will receive a cash payment from the Settlement, provided that you sign and submit the enclosed Settlement Offer and Release Form **no later than 60-days from the mailing of this Notice**.  By signing the enclose Settlement Offer and Release Form you will receive a cash payment and you will be giving up your wage-and hour claims against the Wynn and any claims regarding the tip pool. |
| **B.    Reject the Settlement** | You will not receive a cash payment from the Settlement if you do not sign and submit the enclosed Settlement Offer and Release Form and you will not give up your claims against the Wynn. However, if you want to pursue further legal action against the Wynn, you will need to take further action on your own behalf and cannot rely upon the attorneys representing the dealers in this case to pursue any claim against the Wynn for you.  Your legal claims will be put on hold (stayed) for 30 days after the Effective Date (defined below) of the Settlement; after 30 days, the statute of limitations will begin to run. |
| **C.    Do Nothing** | You will not receive a cash payment from the Settlement if you take no affirmative action—i.e,. do nothing.  You will not release any of your claims against the Wynn but you must take further legal action on your own behalf and at your own expense if you wish to pursue your claim.  You must do so within 30 days after the Effective Date (defined below) of the Settlement.<br><br>You may, however, claim your allotted Settlement cash payment up to 365 days after the Effective Date by signing and submitting the enclosed Settlement Offer and Release Form. |

## II.    BACKGROUND ABOUT THE *CESARZ* AND *TANG* ACTIONS AND CLAIMS

On January 21, 2013, Joseph Cesarz and Quy Ngoc Tang filed a putative opt-in collective action complaint on behalf of themselves and other similarly situated dealers, styled *Cesarz v. Wynn Las Vegas, LLC*, 2:13-cv-00109, against Defendant Wynn Las Vegas, LLC ("Wynn" or "Defendant"), alleging that Wynn violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) because boxmen and Casino Service Team Leads ("CSTLs") were included in the tip pool.  In bringing the suit, Plaintiffs relied exclusively on 2011 regulations issued by the United States Department of Labor regarding tip pooling.  In 2016, a divided panel of the Ninth Circuit reversed the district court's first order dismissing the Appellants' complaint. *Or. Rest. & Lodging Ass'n v. Perez* ("*ORLA*"), 816 F.3d 1080 (9th Cir. 2016). Writing for the majority, Judge Pregerson deferred to the 2011 Department of Labor regulations.  While Wynn's petition for a writ of certiorari to the Supreme Court was pending, Congress amended the FLSA and stated that the 2011 regulations would have "no further force

or effect." 2018 Appropriations Act, Div. S § 1201(c). The Parties dispute the meaning of that provision. But the district court agreed with Defendant, ruling that entry of any judgment against Wynn would give impermissible "further force or effect" to the 2011 regulations and dismissed the lawsuit for the second time. *Cesarz v. Wynn Las Vegas LLC*, No. 13- cv-1009, 2019 WL 237389, at *1 (D. Nev. Jan. 13, 2019). Plaintiffs have filed a Notice of Appeal regarding that decision. *See* Case No. 19-15166 (9th Cir.). The appeal in the Cesarz Action is currently stayed pending this settlement. (During the pendency of their first appeal, Plaintiffs filed a separate action, styled *Doe v. Wynn Las Vegas, LLC*, 2:16-cv-00482-JCM-NJK, which was consolidated with the *Cesarz* Action.)

On May 16, 2018, Quy Ngoc Tang and Joseph Cesarz filed the Tang putative opt-in collective action complaint on behalf of themselves and other similarly situated dealers, styled *Tang v. Wynn Las Vegas, LLC*, 2:18-cv-00891, against Defendant Wynn Las Vegas, LLC, alleging that Wynn violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) (as amended by the 2018 Appropriations Act as effective on March 23, 2018) because boxmen and Casino Service Team Leads ("CSTLs") were included in the tip pool. The case was stayed pending settlement discussions.

On May 9, 2019, the Parties engaged in mediation with Ninth Circuit mediator Steven Saltiel. The Parties reached a settlement-in-principle, executed a Memorandum of Understanding, and subsequently entered into this proposed Settlement. On DATE the United States District Court for the District of Nevada, in the *Tang* Action entered an Order approving the Settlement's terms as fair and reasonable and finding that the Settlement should proceed. This means unless the Settlement is voided by the Wynn as provided for *infra* at III(F) the Settlement will become binding and a final judgment will be entered dismissing the *Tang* Action pursuant to the Settlement's terms.

## III.    DETAILED SETTLEMENT TERMS

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at [insert Settlement Administrator's website], by contacting counsel at [insert], by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.nvd.uscourts.gov/cgi-bin/login.pl, or by visiting the office of the Clerk of the Court for the United States District Court for the District of Nevada, located at 333 S. Las Vegas Blvd, Las Vegas, Nevada, 89101, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.

A.    Total Settlement Amount. Defendant has agreed to pay a maximum amount of $5,600,000 (the "Total Settlement Amount") to fund the Settlement. The Total Settlement Amount includes (i) the payment of all cash payments to plaintiffs and collective action members, (ii) attorneys' fees of $1,400,00 (which is 25% of the Total Settlement Amount) for all the work performed on this case and for prosecuting this action on a contingency fee basis (that is, without being paid any money to date), (iii) litigation costs that have been paid out of pocket by the attorneys of up to $10,000, (iv) Service Awards to Lead Plaintiffs Joseph Cesarz and Quy Ngoc Tang of $10,000 each for the risks and all the work that they performed on behalf of all plaintiffs, and (v) Settlement Administrator fees of [insert].

B.    Net Settlement Amount. The "Net Settlement Amount" available for distribution to all plaintiffs and collective action members is the Total Settlement Amount minus (i) attorneys' fees, (ii) actual litigation costs, (iii) Service Awards to Lead Plaintiffs Joseph Cesarz and Quy Ngoc Tang, and (iv) Settlement Administrator fees of [insert]. The estimated Net Settlement Amount available for distribution to plaintiffs is [insert amount].

    C.    <u>Calculation of Settlement Payments</u>. The Net Settlement Amount available for distribution to plaintiffs will be allocated as follows:

> (1)    **Allocation between *Cesarz* and *Tang* Claims**.  Seventy percent (70%) of the Net Settlement Amount will be allocated the *Tang* Claims and thirty percent (30%) of the Net Settlement Amount will be allocated to the *Cesarz* Claims.  The estimated Net Settlement Amount allocated to the *Tang* Claims is [insert amount].  The estimated Net Settlement Amount allocated to the *Cesarz* Claims is [insert amount]. This respective allocation is based upon the procedural posture of the cases and Plaintiffs' Counsels' relative assessment of the strengths and weaknesses of each group of Claims; and

> (2)    **Pro Rata Distribution based on Tips**.  Each plaintiff's settlement award will be based on pro rata assessment of tips received by each plaintiff, for  the *Cesarz* claims as adjusted for each plaintiff's applicable relevant time period, in comparison to the total amount of tips received by all plaintiffs during the relevant time period applicable to each group of Claims.  The relevant time period in the *Tang* Claims is March 23, 2018 to November 11, 2018 For the *Cesarz* Claims the relevant time period is the date three years prior to the date you filed with the Court a written consent to join the *Cesarz* Action but not earlier than  May 1, 2011 and ending on March 22, 2018.  If you have not previously filed a consent to join the *Cesarz* Action the relevant time period that will apply to your *Cesarz* Claim will be January 31, 2017 through March 22, 2018.  Some plaintiffs and collective action members worked during the time period of both groups of Claims and will receive two (2) separate settlement awards.

**<u>YOUR ESTIMATED SETTLEMENT SHARE:</u>**

> *Tang* **Claims**:  Defendant's records reflect that you received [insert percentage] of the total tips **distributed to Wynn table games dealers** during the *Tang* time period.  Based on this information, your estimated Settlement Share for the *Tang* Claims is $«Est.SettAmt».

> *Cesarz* **Claims**: Defendant's records reflect that you received [insert percentage] of the total tips distributed to Wynn table games dealers during the *Cesarz* time period as limited by the *Cesarz* claims calculated for all *Cesarz* plaintiffs and collective action members Based on this information, your estimated Settlement Share for the *Cesarz* Claims is $«Est.SettAmt».

    D.    <u>Release of Claims</u>.  All plaintiffs and collective action members (referred to in the rest of this paragraph as "Plaintiff") who accept the Settlement will forever release and discharge Defendants from any and all claims that arose out of the *Cesarz* and/or *Tang* lawsuit or were proposed as part of either case. Specifically, in consideration of the payments provided for in this Settlement Offer and Release, the sufficiency of which is hereby acknowledged, Plaintiff, on behalf of Plaintiff and Plaintiff's respective heirs, estates, representatives, successors, assigns and agents, hereby expressly and unconditionally waives any appeal from a Court order approving this settlement and dismissing the Actions with prejudice, and releases and forever discharges Defendant and all of the Released Parties from any and all wage and hour claims and causes of action that are based on the factual allegations in the complaints in the Actions, known or unknown, that have

arisen or could have arisen at any time prior to the date that this Settlement Offer and Release is executed, including, but not limited to (i) any and all claims for unpaid minimum and/or overtime wages, fines, penalties, liquidated damages, and attorneys' fees and expenses; and (ii) any and all wage and hour claims that Plaintiff asserted or could have asserted in the Actions based on the tip pool(s) at the Wynn and/or Encore, whether under federal, state, local or other laws or ordinances, or pursuant to contract, tort, or equitable theories.

      E.    <u>Tax Matters</u>. Neither Counsel plaintiffs nor Defendant's counsel intend anything contained in this Settlement to constitute advice regarding taxes or taxability. You may wish to consult a tax advisor concerning the tax consequences of the payments received under the Settlement.

      F.    <u>Conditions of Settlement</u>. **Defendants retain the right to void, at its sole discretion, this Settlement if the net amount allocated to the Rejecting Plaintiffs and Non-Responding Plaintiffs totals $280,000 or more.** This Settlement is further conditioned upon the Court entering an order approving the Settlement.

**IV.**    G.    <u>EFFECTIVE DATE OF SETTLEMENT</u>.    THE SETTLEMENT WILL BE EFFECTIVE ONLY AFTER THE COURT HAS ENTERED AN ORDER AND FINAL JUDGMENT OF DISMISSAL. FOR FULL DETAILS REGARDING THE EFFECTIVE DATE OF THE SETTLEMENT, OR ANY OTHER TERMS, **GO TO THE SETTLEMENT ADMINISTRATOR'S WEBSITE AT** <u><WEBSITE></u>.**YOUR LEGAL RIGHTS AND OPTIONS**

      A.    <u>Accept the Settlement</u>. If you wish to accept the Settlement and receive your cash payment on the schedule provided by the Settlement Agreement, you must sign and submit the enclosed Settlement Offer and Release Form **no later than 60-days from the mailing of this Notice**. (Plaintiffs and collective action members who sign and return their Settlement Offer and Release form within the Response Period will be referred to as "Accepting Plaintiffs.") By signing the enclose Settlement Offer and Release Form you will receive a cash payment and you will be giving up your claims against the Wynn (see Section III.D., "Release of Claims", above).

      B.    <u>Reject the Settlement</u>. If you do not wish to participate in the Settlement and receive your cash payment, you may reject the settlement by sending a written notice of rejection to the Settlement Administrator **no later than 60-days from the mailing of this Notice**. (Plaintiffs and collective action members who communicated their rejection of the settlement in writing to the Settlement Administrator within the Response Period are referred to herein as "Rejecting Plaintiffs."). You may also reject the settlement, with a right to later claim your settlement share up until 365 days after the Effective Date, by doing nothing, as explained below.

By rejecting the Settlement, you do not release your legal claims against Defendants but you must take further legal action on your own behalf and at your own expense if you wish to pursue your claim. The attorneys who have represented the dealers in the *Tang* and *Cesarz* Actions do not believe it is in the interests of any of the dealers to reject the settlement and are advising the dealers to not reject the settlement. Those attorneys will not act as your attorneys on any such legal claims you bring against Defendants if you reject the settlement. In addition those attorneys will be asking the Court to issue an Order relieving them as your attorney in the *Tang* Action if you reject the settlement and have previously entered into a retainer agreement with them. If you want to reject the settlement and continue to pursue the claims raised in the *Tang* and/or *Cesarz* Actions you must prosecute your claims on your own or find separate legal counsel.

You must take further action immediately if you wish to preserve your claim. You will be dismissed from the *Tang* Action (if you previously joined that Action) and will be responsible for filing your own case.

The *Cesarz* Action has previously been dismissed by the Court.  Your legal claims, if you previously made any in the *Cesarz* and/or *Tang* actions will be put on hold (stayed) for only 30 days after the Effective Date (defined below) of the Settlement.  Once that 30-day period expires, your ability to pursue legal claims against the Wynn over its tip pooling policy will be limited in whole or in part by operation of the statute of limitations. You should also understand that the *Cesarz* Action and the claims covered by the *Cesarz* Action were dismissed by the district court and appealed but that appeal was never ruled upon.  If you bring a new case involving the same claims dismissed in the *Cesarz* Action under the terms of the settlement those claims are not prevented from proceeding against Defendant under the legal doctrines of *res judicata* or *collateral estoppel* but Defendants do have the right to ask the court in any such new case to take notice of that decision in the <u>*Cesarz* Action and adopt its result.</u>

      C.    <u>Do Nothing</u>.  If you do not take any affirmative action (accept or reject the Settlement) within the 60-day deadline for responding to this Notice, you will be deemed a "Non-Responding Plaintiff."  You will be treated as a "Rejecting Plaintiff" so that you will not receive a cash payment but you will not release any your claims against Defendants.  In addition, if you have previously entered into a retainer agreement with plaintiffs' counsel those attorneys will be asking the Court to issue an Order relieving them as your attorney in the *Tang* Action if you become a Non-Responding Plaintiff.  However, Non-Responding Plaintiffs may claim their allocated share of the settlement up to a period of 365 days after the Effective Date if they do not file any other lawsuit  against defendant concerning the claims raised in *Cesarz* and *Tang,* by signing the Settlement Offer and Release form and returning it to the Settlement Administrator.

## V.    PLAINTIFF COUNSELS' RECOMMENDATION

Counsel for plaintiffs have been litigating against the Wynn Casino over its tip-pooling policy since 2006 in the Nevada State Court, the Federal Court, and before the Nevada Labor Commissioner.  They have not succeeded in any of those cases and the Wynn has now stopped its "tip-pooling" policy and offered a settlement to the dealers.  It is the opinion of plaintiffs' counsel that the proposed Settlement is a fair, adequate, and reasonable resolution of the hard-fought dispute and that the Settlement should be accepted.

      A.    <u>Settlement of the *Cesarz* Claims is Fair, Adequate, and Reasonable</u>.  The *Cesarz* Action is currently dismissed and on appeal.  The Judge in the *Cesarz* Action has twice dismissed the case for failure to state a valid legal claim against Defendants.  The Judge most recently stated that the United States Department of Labor's (DOL) 2011 Tip Pooling Regulations had been invalidated by the 2018 amendments to the Fair Labor Standards Act (FLSA).  Since the *Cesarz* Claims are based on the 2011 Regulations, the Judge found that the plaintiffs could not pursue their claim.  Even if the Judge's decision were reversed, Defendants believe they have very strong defenses to the  *Cesarz*, Claims both on the law and the facts, if they do not prevail outright on the now second appeal in *Cesarz*.   Plaintiffs' counsel, having evaluated the issues, and while believing the *Cesarz* case may succeed for the plaintiffs, agrees that defendants have significant defenses to the  *Cesarz* Claims and whether the plaintiffs will prevail on the *Cesarz* Claims is far from certain.   It is unknown whether the appeal in *Cesarz* will be successful and securing a reversal on appeal in *Cesarz* for the plaintiffs, for the second time, does not mean the plaintiffs will be successful in collecting any money in the *Cesarz* Action.  Plaintiffs' counsel believes it is fair and reasonable, under all of the relevant circumstances, for the plaintiffs in *Cesarz* and the other collective action members to accept a settlement of their *Cesarz* Claims for $<mark>1,680,000</mark>, the portion of the proposed Settlement allocated to those claims and recommend they do so.  In making that recommendation, plaintiffs' counsel acknowledges that payment is for a minority of the money alleged to be owed to the plaintiffs and the other collective action members on the *Cesarz* Claims but believe that settlement is reasonable and should be accepted based upon the relevant facts and circumstances.

      B.    <u>Settlement of the *Tang* Action and Claims is Fair, Adequate, and Reasonable</u>.  Congress passed an amendment to the FLSA in 2018, which states that "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees'

tips, regardless of whether or not the employer takes a tip credit." The key legal question presented in *Tang* is what type of employee would be considered a "manager or supervisor." The DOL is charged with developing regulations to define who will be considered a "manager or supervisor" under the new law and has taken the position that a "manager or supervisor" is only prohibited from participating in a tip pool if they hire or fire other employees or have significant involvement in making hiring or firing or other decisions about employees. If the DOL interpretation of what it means to be a "manager or supervisor" is accepted by the courts the Wynn insists that the *Tang* case will also be unsuccessful for the dealers because the CSTLs and boxmen are not "managers or supervisors." Plaintiffs' counsel does not agree with that argument by the Wynn, but agrees that is a serious argument and it is unknown how that argument would be ruled on by the courts. Assuming that plaintiffs could prevail on the merits of their claim under the new law, the total amount of tips Wynn took from the dealers' tip pool from March 23, 2018 to November 11, 2018 was $3,879,951. Seventy (70%) of the Total Settlement Amount, or $3,920,000, has been allocated to pay the *Tang* Claims . Given the uncertainty of the new law and the development of new regulations that will interpret the new law, Counsel believe that the Settlement is a fair, adequate, and reasonable resolution of the *Tang* Action and Claims and recommend that the Settlement be accepted.

## VI.   COURT DISMISSAL OF CASE

So long as Defendant does not void the Settlement on account of the amount of persons who do not accept or who do not respond to the Settlement, the Court will issue an Order directing that a final judgment be entered dismissing the *Tang* action and that the Settlement's terms become effective. The Court will also determine whether to relieve the attorneys prosecuting the *Tang*  Action from any further responsibility for the legal claims possessed by those dealers who reject the settlement or are Non-Responding Plaintiffs and who have previously entered into retainer agreements with those attorneys.   The Court may take this action with or without a hearing. You may check the settlement website identified in Section III above or the Court's PACER site to confirm whether a hearing has been scheduled. **You are not required to attend** any hearing, although any plaintiff or collective action member is welcome to attend any hearing.

## VII.   MORE INFORMATION ABOUT THE SETTLEMENT

You may call the Settlement Administrator at <phone> or write to *Cesarz/Tang v. Wynn* Settlement Administrator, *c/o* CPT Group <address>; or contact plaintiffs' Counsel at:

| | |
|---|---|
| LEON GREENBERG, P.C.<br>Leon Greenberg<br>2965 South Jones Boulevard #E-3<br>Las Vegas, NV 89146<br>Tel: (702) 383-6085 / Fax: (702) 385-1827<br>Email: | THIERMAN BUCK LLP<br>Mark Thierman<br>Joshua Buck<br>Leah Jones<br>7287 Lakeside Drive<br>Reno, NV 89511<br>Tel: (775) 284.1500 / Fax: (775) 703.5027<br>Email: info@thiermanbuck.com |

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You may receive a copy of the Settlement Agreement, by going to the Settlement Administrator's website at <website>.

### PLEASE <u>DO NOT</u> CALL THE COURT ABOUT THIS NOTICE.

**ATTACHMENT TO NOTICE:  SETTLEMENT OFFER AND RELEASE
IN WYNN TIP POOLING CASES**

*Re:* **Fair Labor Standards Act Claims also subject to litigation in** *Cesarz, et al. v. Wynn Las Vegas,*
*LLC, et al.*, **United States District Court for the District of Nevada, Case No. 2:13-cv-109-RCJ-**
**CWH, and** *Tang, et al. v. Wynn Las Vegas, LLC, et al.*, **United States District Court for the District of**
**Nevada, Case No. 2:18-cv-891-APG-GWF**

You have received a notice regarding the Settlement of  the Claims made in two parallel wage and
hour collective actions regarding Wynn's tip pooling.  This Settlement Offer and Release is provided
subject to that notice and the terms of the Settlement.  The Settlement of your Claims as discussed in
that notice has been approved by the Court.  If you decide to accept that Settlement you will be paid
the amounts discussed below unless the defendant, as discussed in that notice, exercises a possible
option to void the Settlement.

Your settlement share is as follows:

> *Tang* **Claims**:     Defendant's records reflect that you received [insert
> percentage] of the total tips **distributed to Wynn table games dealers** during
> the *Tang* time period.  Based on this information, your estimated Settlement
> Share for the *Tang* Claims is $«Est.SettAmt», *after* attorneys' fees and
> costs**.**  One-half of this amount shall be considered wages, which will be subject
> to deductions for federal and state taxes and other required withholdings and
> will be reported by the Company as wage income on an IRS W-2 form.  The
> other half of this amount shall be considered to be a payment of liquidated
> damages, penalties, and/or interest and will be reported by the Company as non-
> wage income on an IRS 1099 form.

> *Cesarz* **Claims**:   Defendant's records reflect that you received [insert
> percentage] of the total tips  during the *Cesarz* time period distributed to
> Wynn table games dealers during the *Cesarz* time period as limited by the
> *Cesarz* claims calculated for all *Cesarz* plaintiffs and collective action members.
> If you have not yet filed a consent to join the *Cesarz* action that number reflects
> that amount of total tips you received from January 31, 2017 through March 23,
> 2018.  Based on this information, your estimated Settlement Share for the
> *Cesarz* Claims is $«Est.SettAmt, *after* attorneys' fees and costs**.**  One-half
> of this amount shall be considered wages, which will be subject to deductions
> for federal and state taxes and other required withholdings and will be reported
> by the Company as wage income on an IRS W-2 form.  The other half of this
> amount shall be considered to be a payment of liquidated damages, penalties,
> and/or interest and will be reported by the Company as non-wage income on an
> IRS 1099 form.

If you agree to accept this Settlement offer, you will be paid your Settlement share in exchange for releasing
and discharging your all claims that arose out of the *Cesarz* and/or *Tang* lawsuit or that could have been made
in either of those lawsuits.  Specifically, in consideration of the payments provided for in this Settlement Offer
and Release, you and your respective heirs, estates, representatives, successors, assigns and agents, hereby
expressly and unconditionally waives any appeal from a Court order approving this settlement and dismissing
the *Tang* and *Cesarz* Actions with prejudice, and releases and forever discharges Defendant and all of the

Released Parties from any and all wage and hour claims and causes of action that are based on the factual allegations in the complaints in the Actions, known or unknown, that have arisen or could have arisen at any time prior to the date that this Settlement Offer and Release is executed, including, but not limited to (i) any and all claims for unpaid minimum and/or overtime wages, fines, penalties, liquidated damages, and attorneys' fees and expenses; and (ii) any and all wage and hour claims that Plaintiff asserted or could have asserted in the Actions based on the tip pool(s) at the Wynn and/or Encore, whether under federal, state, local or other laws or ordinances, or pursuant to contract, tort, or equitable theories.

Neither Counsel plaintiffs nor Defendant's counsel intend anything contained in this Settlement to constitute advice regarding taxes or taxability. You may wish to consult a tax advisor concerning the tax consequences of the payments received under the Settlement.

By signing below, you agree to accept this Settlement Offer and Release.  If you have not already submitted a Consent to Join in these Actions, your signature below also evidences that you consent to join in the *Tang* and *Cesarz* Actions and to be represented in those matters by the named plaintiffs and counsel, Joshua Buck of Thierman Buck, LLP, and Leon Greenberg and James P. Kemp.

**I SWEAR THAT I HAVE READ THIS RELEASE, FULLY UNDERSTAND ALL OF ITS TERMS AND CONDITIONS, AND AM ENTERING INTO IT OF MY OWN FREE WILL. I HAVE HAD AN OPPORTUNITY TO DISCUSS THIS RELEASE WITH MY ATTORNEYS. I UNDERSTAND THAT, IF I SIGN THIS RELEASE, MY CLAIM AGAINST THE COMPANY WILL BE RESOLVED THROUGH THIS RELEASE AND IN ACCORDANCE WITH THE TERMS OF THE STIPULATION OF SETTLEMENT IN THE ACTION.**


_____          _____
[name]                                            [date]

EXHIBIT "2"

LEON GREENBERG PROF. CORP..
Leon Greenberg    #8094
2965 South Jones Boulevard
Suite E-3
Las Vegas, NV 89146
Tel:  (702) 383-6085

JAMES P. KEMP
NSB# 6375
7435 West Azure Drive #110
Las Vegas, NV 89130
Tel: (702) 358-1183

THIERMAN BUCK LLP
Mark R. Thierman #8285
Joshua Buck #12187
7287 Lakeside Drive
Reno, NV 89511

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

QUY NGOC TANG and JOSEPH
CESARZ, and all persons whose names
are set forth in Exhibit A, individually
and on behalf of all others similarly
situated,

           Plaintiffs,

vs.

WYNN LAS VEGAS, LLC,

           Defendant.

_____
_____

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:18-cv-00891-APG-GWF

**NOTICE OF MOTION TO BE
CONDITIONALLY
RELIEVED AS COUNSEL**

    TO:   (Name and Mailing Address of Opt In Plaintiff)

    YOU ARE RECEIVING THIS NOTICE ALONG WITH A "NOTICE OF
SETTLEMENT IN WYNN TIP POOLING CASES" EXPLAINING YOUR
RIGHT TO PARTICIPATE IN A PROPOSED SETTLEMENT OF THIS CASE.
**IF YOU HAVE DECIDED TO ACCEPT THAT SETTLEMENT AND ARE
SIGNING AND RETURNING A "SETTLEMENT OFFER AND RELEASE"
FORM YOU SHOULD IGNORE THIS NOTICE AS IT DOES NOT APPLY
TO YOU.**

    IF YOU ARE **_NOT_** RETURNING A "SETTLEMENT OFFER AND
RELEASE" FORM REGARDING THE PROPOSED SETTLEMENT OF THIS

1

CASE OR INTEND TO REJECT THAT PROPOSED SETTLEMENT YOU
SHOULD READ THIS NOTICE.  IT ADVISES YOU OF THE REQUEST OF
YOUR ATTORNEYS IN THIS CASE TO BE RELIEVED AS YOUR
ATTORNEYS SO THIS CASE MAY BE DISMISSED AND THE PROPOSED
SETTLEMENT COMPLETED.  THAT DISMISSAL WILL NOT PREVENT
YOU FROM PROCEEDING WITH THE CLAIMS YOU HAVE MADE IN THIS
CASE, BUT TO DO THAT YOU WILL HAVE TO FILE A NEW LAWSUIT
WITHIN A LIMITED AMOUNT OF TIME AND YOUR CURRENT
ATTORNEYS ARE NOT REQUIRED TO ASSIST YOU WITH DOING THAT.

### Why does this notice apply to me if I am not accepting the proposed Settlement of this case?

When you filed a claim as part of this lawsuit against the Wynn Casino for
tips allegedly owed to you and other casino table games dealers you agreed to be
represented by the three attorneys listed at the top of the first page of this notice
(Leon Greenberg, J.P. Kemp and Mark Thierman).  Those attorneys have
negotiated a proposed Settlement of this case and are recommending that you and
all of the other plaintiffs in this case (all of the Wynn dealers who joined this case)
accept that settlement.  The terms of that Settlement are explained in the other
papers you are receiving with this notice.

You do not have to accept the proposed Settlement of this case.  But the
attorneys representing you in this case believe they cannot continue to represent
you in this case, and do not want to continue to represent you, if you do not want to
accept that Settlement.  One of the conditions of that Settlement is that this entire
case be dismissed for all of the over 500 Wynn dealers who have joined this case.
The attorneys who represent you believe, based on that condition of the Settlement,
it would be conflict of interest under the Nevada Rules of Professional Conduct for
attorneys, Rule 1.7(a)(1) for them to continue to represent anyone who does not
accept the Settlement  They believe that conflict of interest, and their strong belief
all of the plaintiffs in this case should accept that Settlement, either requires or
allows the Court, pursuant to Nevada Rules of Professional Conduct for attorneys,
Rules 1.16(a)(1) and 1.16(b), to relieve them as the attorney for any plaintiff who
refuses to accept that settlement.   In compliance with that belief, the attorneys who
represent you in this case are asking the Judge to relieve them as your attorneys if
you are not agreeing to the Settlement of this case and are not signing and
returning a "Settlement Offer and Release" form.

**What can I do in response to this notice if I am not
accepting the proposed Settlement of this case?**

The purpose of this notice is to ensure you are advised of your rights and your attorneys' request to be relieved as your attorneys if you choose to not accept the proposed Settlement. The Court in this case must decide whether to grant that request of your attorneys. The Court currently plans to decide that request on INSERT DECISION DATE. The Court has not yet decided whether to grant that request.

You do not have to do anything in response to this notice. You have the right to tell the Court of any objections you have to your attorneys' request to be relieved as your attorneys. The Court will consider any objections you have to that request. But if you want the Court to consider those objections you must make them in writing and have them filed with the Court, and delivered to your attorneys at the three addresses listed at the top of page one of this notice, no later than INSERT DATE 21 DAYS PRIOR TO DECISION DATE. The Court is located at Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101 and the Judge who will decide the request of your attorneys to be relieved as your attorney is United States District Judge Andrew P. Gordon. You should not telephone or attempt to speak with the Judge or his staff directly and may want to seek assistance from an attorney regarding the filing any objections you may want to make.

**If I am not accepting the proposed Settlement of this case
and the Court grants my attorneys' request to be relieved
can I still have the Court to decide the claims I made in this case?**

A decision by the Court granting your attorneys' request to be relieved as your attorneys does not change your right to have the Court decide the claims you made in this case. It only means those attorneys have no further responsibility to take any action on your behalf. The proposed Settlement contains terms that will allow you to fully pursue those claims by filing a new lawsuit within a limited amount of time. If you file that new lawsuit within 30 days from the date a final judgment is entered in this case, you will have the right to pursue with equal force all of the claims you made in this case. If you wait beyond that time period to file such a new case you may not. If you are not accepting the proposed Settlement and the Court grants your attorneys' request to be relieved as your attorneys you may want to find another attorney to assist you in pursuing your claims in a new lawsuit. Your current attorneys have not agreed assist you in filing any such new lawsuit and are not required to assist you with doing so.